Joseph Wagner, OSB No. 211725
joseph@jwagner.legal
JOSEPH WAGNER LAW OFFICE
1220 Main Street, Suite 400
Vancouver, WA 98660
Telephone: (360) 597-4173

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JA'VONCE WARRE**,<br><br>Plaintiff,<br><br>v.<br><br>**PORTFOLIO SERVICES LIMITED, INC., AND PORTFOLIO SE, INC., AND EXPRESS SYSTEMS, INC.**<br><br>Defendants. | Case No.:<br>3:23-cv-00391-HZ<br><br>**CIVIL COMPLAINT**<br><br>(Unfair Trade Practice, Tortious Interference with Contract, Fraudulent Misrepresentation)<br><br>JURY TRIAL REQUESTED |

## **I. PARTIES**

1. Plaintiff Ja'Vonce Warre is domiciled in Vancouver, Washington.

2. Defendant Portfolio Services Limited, Inc., is a corporation with its principal place of business in Texas and is incorporated in Texas.

3. Defendant Portfolio SE, Inc., is a corporation with its principal place of business in California and is incorporated in Texas.

Page 5 - CIVIL COMPLAINT

JOSEPH WAGNER LAW OFFICE
1220 Main Street, Suite 400
Vancouver, Washington  98660
(360) 597-4173
joseph@jwagner.legal

## II. JURISDICTION AND VENUE

1. This is an action to correct an unfair trade practice, namely, aiding and abetting the sale of GAP waivers in Oregon, namely, to NW Jeep of Beaverton, and managing said contracts. Defendants acts and omissions purposefully availed itself to the benefits and protections of the State of Oregon.

2. Defendants are subject to personal jurisdiction in the state of Oregon pursuant to ORCP 4.

3. Defendant Gap Express offers and administers its GAP (Guaranteed Asset Protection) waiver management products to dealerships across the state of Oregon. Here, Defendant sold its product and services to NW Jeep of Beaverton.

4. Plaintiff purchased the GAP Waiver from NW Jeep of Beaverton.

5. Complete diversity exists among the parties and the amount in controversy exceeds $75,000. The Court has subject matter jurisdiction of this case.

6. The sale of the vehicle at issue and the associated GAP waiver contract was entered into in Beaverton, Oregon. Accordingly, venue is proper in the Oregon Federal District Court pursuant to 28 U.S.C. § 1391 (b)(2).

## III. GENERAL ALLEGATIONS

7. Plaintiff purchased a new vehicle from NW Jeep Chrysler Dodge ("NW Jeep") in Beaverton, Oregon in 2018. In connection with this purchase, Ms. Warre purchased a GAP (guaranteed asset protection) waiver from NW Jeep. This contract was subsequently assigned to Alaska Federal Credit Union.

Page 5 - CIVIL COMPLAINT

JOSEPH WAGNER LAW OFFICE
1220 Main Street, Suite 400
Vancouver, Washington 98660
(360) 597-4173
joseph@jwagner.legal

8. Defendants were not parties to the sale of the vehicle or the GAP waiver addendum.

9. The GAP waiver contract was offered to NW Jeep Chrysler Dodge for inclusion with the sale of the motor vehicle at issue and was administered by Defendants. Defendants aided and abetted the sale of the GAP waiver contract at issue.

10. In 2021, Ms. Warre lived in Vancouver, Washington and worked in Portland, Oregon. She drove her vehicle to work at Trimet as a public transportation operator where she had approximately ten years of experience. She often worked night shifts, requiring her to commute to work very early in the morning.

11. Ms. Warre's mother lived with her. She ailed from various medical conditions which required Plaintiff to take her to numerous medical appointments.

12. Ms. Warre opted into GAP coverage.

13. On December 11, 2021, Ms. Warre was involved in an accident and her vehicle was deemed to be a total loss.

14. The balance owed at the time of loss was $33,494.67. Insurance covered $27,640.10. Accordingly, there was a gap in coverage of $5,854.57.

15. Defendants calculated that the GAP Benefit owed to Ms. Warre was $9.81 in March 2022. Defendants failed to provide any explanation as to why only $9.81 of benefits were provided.

16. Ms. Warre inquired with NW Jeep in March 2022 as to why coverage only applied $9.00. The dealership did not know and told her that they had never seen a case like this.

17. Ms. Warre engaged with an attorney who then request a written explanation from the GAP contract administrator – the Defendants.

Page 5 - CIVIL COMPLAINT

JOSEPH WAGNER LAW OFFICE
1220 Main Street, Suite 400
Vancouver, Washington 98660
(360) 597-4173
joseph@jwagner.legal

18. The Defendants provided a generic response that provided little to no insight as to why the entirety of the remaining balance was not paid out.

19.

20. Ms. Warre contacted Defendants, and no detailed explanation for the denial of coverage was given.

21. Ms. Warre next contacted Alaska Federal Credit Union in the summer of 2022. Alaska Federal Credit Union provided information of payments and relayed that the exclusion could be due to previous deferred payments.

22. Ms. Warre did not understand at the time of contracting that deferred payments would not be covered under the GAP Waiver contract and the language was obscured within multiple nested complex definitions that an average person would not reasonably understand in the circumstances that existed at the time of purchase.

23. As a direct and proximate result, Plaintiff was damaged by not having received coverage for the deferred payments in the amount of $5,854.57.

24. As a direct and proximate cause, Plaintiff was required to continue making payments on the totaled vehicle. As a direct result, Plaintiff was unable to afford another vehicle at the time and had to rely on friends, taxis, and Uber rides to make it to work. Additionally, Ms. Warre had to make special arrangements to take her mother.

25. The direct consequences of Defendants' failure to appropriately administer the GAP contract proximately caused general damages, including but not limited to emotional distress, stress, embarrassment, loss of future wages, and inconvenience, to Ms. Warre in an amount of $750,000.

Page 5 - CIVIL COMPLAINT

JOSEPH WAGNER LAW OFFICE
1220 Main Street, Suite 400
Vancouver, Washington 98660
(360) 597-4173
joseph@jwagner.legal

26. As a direct result, Ms. Warre was unable to afford to purchase another car while making the remainder of payments. Ms. Warre is entitled to the reasonable daily rental rate of a car for the wrongful denial in the amount of $100 per day.

27. As a direct result of not having reliable transportation, Ms. Warre was frequently late for work and eventually had to leave her job in Portland for closer work. She was let go from her next employer without reasoning, and has been unemployed since October, 2022.

28. The unemployment system is extremely backed up in Washington, and Ms. Warre has gone without having any wages since losing her employment.

29. As a result of losing her job, Ms. Warre's replacement employment results in a wage loss of up to $10 per hour. Ms. Warre seeks the back wages and future lost wages up to ten years.

30. The exclusion provisions are significantly confusing, misleading, are not easily understandable to an average person at the time of the transaction and are not written in plain language.

## IV. CAUSES OF ACTION

### 1. VIOLATIONS OF THE UNFAIR TRADE PRACTICES ACT (ORS 646A.776)

31. Plaintiff incorporates all relevant paragraphs of this Complaint as if fully set out herein.

32. Ja'Vonce Warre purchased the vehicle for personal, family, and household purposes.

33. Material to this action, Defendants were required under ORS 646A.776 to disclose, at the time of sale, <u>in plain and easily understandable language:</u>

    a. Conditions under which the creditor will waive or decline to waive all or a portion of the obligation of the obligation that remains under a finance agreement;

Page 5 - CIVIL COMPLAINT

JOSEPH WAGNER LAW OFFICE
1220 Main Street, Suite 400
Vancouver, Washington 98660
(360) 597-4173
joseph@jwagner.legal

    b. The methodology for determining the amount the creditor will waive; and the length of the evaluation period.

34. Because Defendants failed to adequately disclose exclusions in language that is in "plain and easily understandable" language in the context of the agreement and the sale of the GAP waiver, such exclusions accordingly are void.

35. In addition, Defendants' actions violate the UTPA via ORS 646.608 by engaging in unfair and deceptive practices.

36. Defendants' actions have affected hundreds of consumers in Oregon who may or may not have yet discovered Defendants' unfair practices.

37. Accordingly, Defendants falsely and wrongfully denied Ms. Warre the remainder of her financing owed in the amount of $5,854.57.

38. Ms. Warre seeks specific and general damages as alleged, reasonable attorney's fees, and punitive damages.

39. Punitive damages are warranted as Defendants' actions, namely, offering unlawful GAP waivers and administering them in bad faith, were with malice and in reckless disregard for Plaintiff's rights. Defendants were contacted numerous times to clarify the exclusions and to provide coverage. Defendants actions are unfair, deceptive, particularly aggravated, and require deterrence.

## 2. FRAUDULENT MISREPRESENTATION

40. Plaintiff incorporates all relevant paragraphs of this Complaint as if fully set out herein.

41. Defendants, with intent, knowledge, or with reckless regard, drafted and caused a contract at issue to be sold by NW Jeep.

Page 5 - CIVIL COMPLAINT

42. Defendants knew that the contract was not easily understandable, and that the exclusion provisions were unlawful and thus void.

43. Defendants nonetheless state in their contract that "You will remain responsible for payment of: (1) Any deductible amount under Your Primary Carrier insurance that is greater than the Maximum Deductible Coverage; and (2) Any portion of the Amount Financed or Capitalized Cost..."

44. Plaintiff accordingly only will remain responsible for those amounts listed therein. Nonetheless, Defendants utilize contradictory and void exclusions that violation of ORS 646A.776.

45. Defendants aiding and abetting of the sale of this GAP waiver and managing constitute fraudulent misrepresentations.

46. Defendants are liable for all general and specific damages laid out in this complaint, as Defendants fraudulent misrepresentation regarding coverage proximately caused all damages as specified.

### 3. NEGLIGENT MISREPRESENTATION

47. Plaintiff incorporates all relevant paragraphs of this Complaint as if fully set out herein.

48. In the alternative to Defendants intentional fraudulent misrepresentation, Defendants alternatively were negligent in representing coverage in that all such damages would be covered.

49. Defendants were negligent in drafting promises to provide coverage and failing to understand the legal requirements of exclusions in Oregon.

50. Accordingly, Defendants are liable for all general and specific damages as outlined herein.

Page 5 - CIVIL COMPLAINT

JOSEPH WAGNER LAW OFFICE
1220 Main Street, Suite 400
Vancouver, Washington 98660
(360) 597-4173
joseph@jwagner.legal

## 4. TORTIOUS INTERFERENCE WITH CONTRACT

51. Plaintiff incorporates all relevant paragraphs of this Complaint as if fully set out herein.

52. Plaintiff had a contract with NW Jeep which was subsequently assigned to Alaska Federal Credit Union providing for GAP coverage.

53. Defendants, pursuant to ORS 646A.776, had statutory duties to draft and administer the contract in good faith in accordance with the law, having aided and assisted NW Jeep in the offering of such coverage.

54. Defendants, without privilege or justification, interfered by wrongfully administering the contract and thus preventing NW Jeep and Alaska Federal Credit Union from honoring their obligations.

55. Accordingly, Defendants are liable to Plaintiff for all general and specific damages identified herein.

## V. JURY TRIAL REQUESTED

Plaintiff requests a jury trial as to all questions of fact, and mixed questions of fact and law.

## V. PRAYER FOR RELIEF

Plaintiff asks the Court to grant relief as follows:

56. Plaintiff seeks specific damages as outlined herein in the amount to be proven at trial based on Defendants ongoing failures.

57. Plaintiff seeks general damages as outlined herein in the amount to be proven at trial, but not to exceed $750,000.

58. Defendants' actions have caused injury to hundreds of Oregon consumers.

Page 5 - CIVIL COMPLAINT

JOSEPH WAGNER LAW OFFICE
1220 Main Street, Suite 400
Vancouver, Washington 98660
(360) 597-4173
joseph@jwagner.legal

59. Defendants know or reasonably should know that their GAP contract is capable of deceiving and does deceive a substantial portion of the public.

60. Defendants' acts warrant deterrence.

61. Plaintiff seeks punitive damages in an amount to be proven at trial.

62. Plaintiff seeks an injunction preventing Defendants from continuing to engage in unlawful exclusions of coverage based on the practices described herein.

63. Plaintiff seeks all other relief that the Court finds just and equitable.

RESPECTFULLY SUBMITTED this 17th day of March, 2023.

*s/Joseph Wagner*
Joseph Wagner, OSB No. 133517

Page 5 - CIVIL COMPLAINT

JOSEPH WAGNER LAW OFFICE
1220 Main Street, Suite 400
Vancouver, Washington 98660
(360) 597-4173
joseph@jwagner.legal